469 F.Supp. 246 (1979)
In re BOLLINGER CORPORATION, Bankrupt.
ZIMMERMANN & JANSEN, INC., Appellant,
v.
Carl L. BIGLER, Trustee for Bollinger Corp., Appellee.
Civ. A. No. 79-260.
United States District Court, W. D. Pennsylvania.
April 24, 1979.
Bernard Eisen, Pittsburgh, Pa., for appellant.
David W. Lampl, Pittsburgh, Pa., for appellee.

OPINION
DUMBAULD, District Judge.
This appeal from the bankruptcy Court presents an interesting question as to the scope of a security interest assigned as part of a novation. The facts are undisputed.
On January 1, 1972, the bankrupt (Bollinger) borrowed $150,000 from Industrial Credit Company (ICC). The loan was evidenced by a note, a security agreement, and a financing statement, as prescribed by the Uniform Commercial Code. Bollinger paid off all but $65,000 of the loan. Then on December 5, 1974, Bollinger refinanced by executing a note for $150,000 to plaintiff Zimmermann and Jansen, Inc. (ZJ). On December 10, 1974, ZJ advanced $85,000 in "new money" to Bollinger, as well as $65,000 used to pay off ICC in full. On the same day ICC delivered to ZJ the old note marked paid, and executed an assignment of the note and of the security agreement and also all rights and interest in the indebtedness under the note due to ICC.
The legal question involved is: What security, if any, does ZJ have for Bollinger's indebtedness to ZJ (hence what priority to *247 participate in the bankruptcy fund)? It should be noted ZJ has already received from the trustee $10,000 on account.
We begin with the following important paragraph of the note to ZJ, under the heading "Security":
This Promissory Note is secured by security interests in a certain Security Agreement between Bollinger and Industrial Credit Company, Northfield, Illinois, dated January 13, 1972 and in a Financing Statement filed by Industrial Credit Company in support thereof, covering certain machinery and equipment ("Collateral") of Bollinger, as set forth in Schedule A attached thereto, and is further secured by security interests in a certain Security Agreement to be delivered by Bollinger to Z & J with this Promissory Note, covering the identical machinery and equipment as identified in the ICC Securities Agreement and with identical schedule attached, in the principal amount of Eighty-five Thousand Dollars ($85,000.00).
The language is in the present tense (as in a common law marriage) and states that "This . . . Note is secured by security interests in [the assigned security agreement of ICC] covering certain machinery [described in Schedule A]."
If the security interest perfected by ICC is assignable, ZJ is secured thereby, having received an assignment from ICC. ZJ is protected by the express terms of 12A P.S. § 9-302(2) which provides: "If a secured party assigns a perfected security interest, no filing . . . is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor."
The extent of the protection received by ZJ is measured by the obligation secured by the assignment, namely "This . . . Note" for $150,000. The protection is not limited to the amount due to ICC on the original note, which was $65,000 when "This . . . Note" was executed, and reduced to zero when the assignment was made on December 10, 1974.
A security interest is measured by the value of the collateral described, rather than by the amount of the debt for which it is pledged. Suppose the debt to ICC were secured by government bonds with a face value of $200,000; and the bonds were duly transferred to ZG as security for the new note of $150,000. Can it be supposed that ZJ's note would not be secured by $200,000 worth of bonds? In the case at bar the note is secured by an inventory of machinery and equipment described in the original perfected security agreement and financial statement.
Counsel for all parties agree that all that is required for a valid security interest is (1) a writing (2) signed by the debtor (3) describing collateral and (4) indicating that the debtor has provided for a security interest in the collateral. In re Penn Housing Corp., 367 F.Supp. 661, 664 (W.D.Pa.1973). These requisites are plainly present here.
It is immaterial that the parties also contemplated a further instrument reducing the amount secured to $85,000. The bankruptcy court rightly disregards that document as non-existent for purposes of the case. But that unfulfilled intention does not derogate from what the parties in fact did do. ZJ is a secured creditor for the unpaid balance due it from Bollinger. The decision of the bankruptcy court is reversed, and the case remanded for further proceedings in accordance with this opinion.